TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
ALEXANDER DRUTIS (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0333
Facsimile: (213) 894-0141
E-mail: Alexander.Drutis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER BARRET JOHNSON,

Defendant.

No. CR 26-00376-JFW

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**CURRENT TRIAL DATE:**
08/04/2026
**CURRENT STATUS CONFERENCE DATE:**
07/20/2026
**PROPOSED TRIAL DATE:**
11/17/2026
**PROPOSED STATUS CONFERENCE DATE**
11/02/2026

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Alexander Drutis, and defendant CHRISTOPHER BARRET JOHNSON (“defendant”), both individually and by and through his counsel of record, Erin Murphy, hereby stipulate as follows:

1. The Indictment in this case was filed on June 11, 2026. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 22, 2026. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 20, 2026.

2. On June 18, 2026, the Court set a trial date of August 4, 2026 and a status conference date of July 20, 2026, and a motion schedule as follows: Pretrial motions were to be filed on July 6, 2026, oppositions were to be filed on July 13, 2026, and replies were to be filed on July 15, 2026.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately three to five days.

4. By this stipulation, defendant moves to continue the trial date to November 17, 2026, the status conference date to November 2, 2026, and to adopt the following motion briefing schedule: Pretrial motions shall be filed on October 8, 2026. Oppositions shall be filed on October 22, 2026. Replies (optional) shall be filed on October 29, 2026. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with two violations of 21 U.S.C. §§ 841(a)(1): Possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl, and possession with intent to distribute methamphetamine. The government has produced discovery to the defense, including police and arrest reports, body camera footage, lab reports, and related photos, as

well as reports from defendant's prior employer regarding the reason for his termination.

b. Defense counsel has the following trial conflicts:

United States v. Frankie Mathew Lerena, CR 25-884-WLH, pending since November 13, 2025, Felon in Possession of a Firearm and Ammunition. Trial estimate of 2 days. Trial set for August 31, 2026, has been continued twice. The defense continues to consider any defenses and pre-trial motions.

United States v. Lupe Louise Rose, CR-24-0037-GW, Pending since May 15, 2025, Securities Fraud, Making False Statements, and Attempt to Evade and Defeat Income Tax. Trial is set for October 20, 2026, has been continued six times. The defense continues to consider any defenses and pre-trial motions.

United States v. Ceasar Tubay Gelacio, Jr., 2:26-MJ-03076-DUTY, Pre-Indictment, Distribution of a Controlled Substance. Indictment set to be filed on July 6, 2026 with the Post-Indictment arraignment scheduled for July 9, 2026. The filing of the Indictment has been continued once. (Mr. Gelacio signed a plea agreement today and the parties expect a change of plea hearing imminently).

Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 30, 2026 to November 17, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: 07/01/2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
ALEXANDER DRUTIS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//

//

//

//

I am CHRISTOPHER BARRET JOHNSON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 17, 2026 is an informed and voluntary one.

7/1/2025

Erin Murphy
Attorney for Defendant
CHRISTOPHER BARRET JOHNSON

Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 17, 2026. I understand that I will be ordered to appear in Courtroom 7A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on November 17, 2026 at 8:00 a.m.

7/1/26

CHRISTOPHER BARETT JOHNSON
Defendant

Date