AMY KARLIN (Bar No. 150016)
Interim Federal Public Defender
ERIN MURPHY (Bar No. 285087)
(E-Mail: Erin_Murphy@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
CHRISTOPHER BARRET JOHNSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER BARRET JOHNSON,<br>Defendant. | Case No. 2:26-CR-00376-JFW<br><br>**RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE A BENCH WARRANT FOR MR. JOHNSON'S ARREST (ECF No. 25)** |

Defendant Christopher Barret Johnson, by and through his counsel of record Deputy Federal Public Defender Erin Murphy, hereby submits in writing why the Court should not issue a bench warrant for Mr. Johnson's arrest based on the alleged violations of his bond, per the Pretrial Violation Report filed on July 9, 2026 (ECF No. 24), as directed by the Court's order. (ECF No. 25.)

Respectfully submitted,

AMY KARLIN
Interim Federal Public Defender

DATED: July 14, 2026

By */s/ Erin Murphy*

ERIN MURPHY
Deputy Federal Public Defender
Attorney for Christopher Barret Johnson

## DECLARATION OF ERIN MURPHY

I, Erin Murphy, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California and I am admitted to practice in this Court. I am defense counsel in this matter.

2. On May 22, 2026, Mr. Johnson made his initial appearance on these charges of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi) (Possession with Intent to Distribute Fentanyl) and 841(a)(1), (b)(1)(B)(viii) (Possession with Intent to Distribute Methamphetamine). (Mins. of Initial App., ECF No. 7.) Mr. Johnson was released on unsecured bond signed by his father for $40,000 with pretrial release conditions. (Bond Conds., ECF No. 10.) Those conditions included, relevant here, that he not use or possess illegal drugs. (*Id.* at 2.) U.S. Probation & Pretrial Services alerted the Court and the parties of Mr. Johnson's alleged positive drugs tests for fentanyl and denials of use. (Viol. Rpt., ECF No. 24.)

3. I understand that before his arrest, Mr. Johnson worked in sobriety support services. Since Mr. Johnson has been on bond, he has been attempting to find new employment. He stays in contact with his father, his surety, who remains a reliable source of support, including coming to Mr. Johnson's court appearances and keeping in contact with me. Notwithstanding these supportive factors, I understand that Mr. Johnson suffers from substance abuse disorder. He has experienced lengthy periods of sobriety, but I understand that he has unfortunately relapsed. For many recovering addicts, admitting relapse is an extremely difficult and shameful thing to do, especially when it comes to admitting their relapse to close family members who have endured their difficult journeys. Without divulging attorney client communications, I can represent that Mr. Johnson is ready to admit that he needs help, has been relapsing, and wishes to enter residential drug treatment.

4. Mr. Johnson has begun looking for treatment on his own. To further support him, I have connected Mr. Johnson with the Social Support Unit within the

Federal Public Defender Office. That unit will help connect Mr. Johnson with residential drug treatment that U.S. Probation & Pretrial Services can approve.

5. Instead of issuing a bench warrant for Mr. Johnson's arrest, I respectfully request the Court give Mr. Johnson 14 days to either enter into a residential drug treatment program, or provide a report as to why he has not yet entered residential drug treatment, including any efforts made to enter treatment. Because bed availability is often the determining factor in whether and when someone can enter residential drug treatment, and beds are often scarce, the requested 14 days is necessary for the defense and Mr. Johnson to secure the treatment he needs. Once Mr. Johnson has entered into a residential drug treatment program, I will file a status report with the Court, or, alternatively, if he has not entered into a residential drug treatment program by July 28, I will file a status report with the Court explaining why.

6. I have spoken with U.S. Probation & Pretrial Services Officer Joslyn Harris and advised her of these developments and Mr. Johnson's intent to enter residential drug treatment as well as what I propose in paragraph 5. She does not object to this proposed course of action. I have also spoken with Assistant United States Attorney Alexander Drutis and he does not oppose this proposal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 14, 2026, at Los Angeles, California.

*/s/Erin Murphy*
ERIN MURPHY